UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANDRE ANTROBUS,                                                             **MEMORANDUM AND ORDER**

           Petitioner,                                              24-CV-00155 (OEM)

     -against-

WARDEN OF OBCC RIKERS ISLAND,

           Respondent.
-----------------------------------------------------------x
ANDRE ANTROBUS,

           Petitioner,                                              24-CV-00390 (OEM)

     -against-

OBCC WARDEN,

           Respondent.
-----------------------------------------------------------x
ANDRE ANTROBUS,

           Petitioner,                                              24-CV-00532 (OEM)

     -against-

WARDEN OF OBCC RIKERS ISLAND,

           Respondent.
-----------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

*Pro se* Petitioner Andre Antrobus, who is currently confined at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, filed the above listed petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). Petitioner's requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 are granted. The Clerk of the Court is directed to consolidate these actions into the first filed case, *Antrobus v. Warden*, No. 24-CV-00155. For the

1

reasons set forth below, the Court grants Petitioner leave to file an amended petition within thirty days of the date of this Order.

## BACKGROUND

Petitioner filed case No. 24-CV-00155 on January 5, 2024; No. 24-CV-00390 on January 11, 2024; and No. 24-CV-00532 on January 22, 2024. The petitions are far from clear, with handwriting that is at times indecipherable. It appears that Petitioner is challenging the validity of his custody. All three petitions reference a Kings County Criminal action with the Index No. 70448-22. According to public records of the New York City Department of Correction, Petitioner has been charged with assault under case number 70448-2022.[1] For relief, Petitioner appears to seek release from custody.

## DISCUSSION

### A. Relief Under 28 U.S.C. § 2241

Federal courts may grant habeas relief pursuant to 28 U.S.C. § 2241 to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2241 applies to state pretrial detainees. *Dawson v. Toulon*, No. 22-CV-6341, 2022 WL 17177839, at *2 (E.D.N.Y. Nov. 22, 2022); *Fredricks v. Hallett*, No. 21-CV-3690, 2021 WL 2000074, at *2 (S.D.N.Y. May 17, 2021) ("[A] state pretrial detainee may be able to challenge the constitutionality of his detention in a petition for a writ of habeas corpus under 28 U.S.C. § 2241." (collecting cases)). "A petitioner seeking relief under 28 U.S.C. § 2241 must exhaust available state court remedies." *York v. Shannon*, No. 22-CV-2663, 2022 WL 16715921, at *1 (E.D.N.Y.

---

[1] *See* NYC Dep't of Correction Inmate Lookup Service, https://a073-ils-web.nyc.gov/inmatelookup/pages/detail/body.jsf (entering "Antrobus") (last visited Feb. 6, 2024). The Court may "take judicial notice of agency documents on official websites" such as the inmate lookup. *Lewis v. M&T Bank*, No. 21-933, 2022 WL 775758, at *2 (2d Cir. Mar. 15, 2022) (summary order)

2

Nov. 4, 2022) (citing *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C. Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.")); *Soto v. Warden, New York City Dept. of Correction*, No. 21-CV-4068, 2021 WL 4192861, at *2 (E.D.N.Y. Aug. 10, 2021) (same); *Grafton v. Dzurenda*, No. 20-CV-3052, 2020 WL 9816012, at *2 (E.D.N.Y. Dec. 11, 2020). "To exhaust state remedies properly, a petitioner must 'fairly present' each claim for habeas relief in 'each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.'" *York*, 2022 WL 16715921, at *1 (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). Here, Petitioner fails to clearly articulate the grounds on which he seeks relief and fails to plead facts showing that he has fully exhausted his state court remedies.[2]

### B. Ongoing Criminal Proceedings

To the extent that Petitioner seeks the Court to intervene in his pending state court proceedings, the Court must deny the petitions. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of "special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate." *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)) (quotation marks omitted). Petitioner does not allege any facts suggesting bad faith, harassment, or irreparable

---

[2] Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"), made applicable to cases brought pursuant to § 2241 by Rule 1(b), requires a petitioner to, "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]"

injury. The Court, therefore, finds no proper basis for intervention in Petitioner's ongoing criminal proceedings. *See, e.g.*, *Torres v. New York*, No. 23-CV-9380, 2024 WL 22088, at *3 (S.D.N.Y. Jan. 2, 2024).

### C. Leave to Amend

As noted above, the three petitions brought pursuant to Section 2241 challenge the same pending state court criminal action and seek the same relief. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank. N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Razzoli v. U.S. Marshals Serv.,* No. 10-CV-4802, 2010 WL 5313763, at *2 (E.D.N.Y. Dec. 20, 2010). If Petitioner wishes to proceed with a Section 2241 petition, he must file an amended Section 2241 petition that (1) identifies the grounds on which he seeks relief, and (2) pleads facts showing that he has fully exhausted his claims by presenting the grounds for relief to the state courts. The amended petition for a writ of habeas corpus under Section 2241 must be submitted to the Court within thirty days, must be labeled "Amended Petition" and will supersede all other petitions.

### CONCLUSION

Petitioner is granted leave to submit an amended petition under docket number 24-CV-00155 within 30 days of the date of this Order to address the procedural defects noted above. The amended petition must be clearly labeled "Amended Petition." If Petitioner fails to respond to this Order within 30 days or fails to show good cause why he cannot respond, the action will be dismissed.

The Clerk of the Court is directed to (1) consolidate these actions into the first filed case, No. 24-CV-0155, and (2) mark case Nos. 24-CV-00390, and 24-CV-00532 closed. All future filings are to be docketed in No. 24-CV-0155.

The Clerk of Court is directed to mail a copy of this order to the Petitioner, along with a form petition for a writ of habeas corpus under 28 U.S.C. § 2241[3] and note service on the docket.

Because the petitions make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

  /s/ Orelia E. Merchant_____
ORELIA E. MERCHANT
United States District Judge

Dated: February 12, 2024
       Brooklyn, New York

---

[3] Petitioner is reminded that any amended petition he elects to file should not include his personal medical information.